IN THE FEDERAL DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **DAVID ARTHUR MORALES**, | NO. |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| vs. | |
| | (Demand for Jury Trial) |
| **CITY OF BELLINGHAM,** a Municipal Corporation; **HEIDI SANDE** and **JOHN DOE SANDE,** husband and wife and the marital community comprised thereof**; JOSHUA DANKE** and **JANE DOE DANKE,** husband and wife and the marital community comprised thereof**; JEFFERY YODER** and **JANE DOE YODER,** husband and wife and the marital community comprised thereof**; KYLE NELSON** and **JANE DOE NELSON,** husband and wife and the marital community comprised thereof; **ERIC KINGERY** and **JANE DOE KINGERY,** husband and wife and the marital community comprised thereof, | |
| Defendants. | |

**COMES NOW David Arthur Morales,** the above-named Plaintiff, and for cause of action against the above-named Defendants, complains and alleges that:

### I. JURISDICTION

1.1     The above-entitled Court has jurisdiction over the parties and the subject matter of the above-entitled cause of action. The acts and failures to act by the Defendants support relief under 42 USC § 1983 for violation of Plaintiff's civil rights under color of state law.

**COMPLAINT - 1-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

1.2     These claims arise under the Constitution, laws or treaties of the United States and this court has original jurisdiction over them pursuant to 28 USC § 1331 and 1343.

1.3     This action also asserts a state law claim arising out of the same matters as the federal claim. The court has supplemental jurisdiction over the state claim pursuant to 28 USC § 1441 (c).

## II.  VENUE

2.1     The Federal District Court for Western Washington is the proper Court for bringing the above-entitled cause of action as all acts and failures to act alleged herein occurred in Western Washington.

## III.  PARTIES

3.1     The Plaintiff, **David Morales**, is a resident of Bellingham, Washington and has resided in Bellingham Washington at all times relevant hereto.

3.2     The Defendant, **City of Bellingham** is a municipal corporation organized and existing under the laws of the State of Washington, in Whatcom County.

3.3     The Defendant, **Heidi Sande,** is, and at all times material was, a parking enforcement officer employed by the Defendant City of Bellingham acting within the course and scope of her employment and acting for the benefit of her marital community with John Doe Sande, whose true name will be added when discovered.

3.4     The Defendant, **Joshua Danke,** is, and at all times material was, a police officer employed by the Defendant City of Bellingham acting within the course and scope of his employment and acting for the benefit of his marital community with Jane Doe Danke, whose true name will be added when discovered.

3.5     The Defendant, **Jeffery Yoder,** is, and at all times material was, a police officer employed by the Defendant City of Bellingham acting within the course and scope of his

**COMPLAINT - 2-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

employment and acting for the benefit of her marital community with Jane Doe Yoder, whose true name will be added when discovered.

3.6     The Defendant, **Eric Kingery,** is, and at all times material was, a police officer employed by the Defendant City of Bellingham acting within the course and scope of his employment and acting for the benefit of his marital community with Jane Doe Kingery, whose true name will be added when discovered.

3.7     The Defendant, **Kyle Nelson,** is, and at all times material was, a police officer employed by the Defendant City of Bellingham acting within the course and scope of his employment and acting for the benefit of his marital community with Jane Doe Nelson, whose true name will be added when discovered.

### IV.  GENERAL ALLEGATIONS

4.1     The Plaintiff was lawfully riding his bike in the designated bike lane of N. State Street in Bellingham, Washington on January 4, 2017.

4.2     Defendant Sande positioned her parking enforcement vehicle to block the bike lane on N. State Street.

4.3     When Defendant Sande blocked the designated bike lane, Plaintiff's bike was forced to enter general traffic on N. State Street.

4.4     On January 4, 2017, Defendant Sande blocked the bike lane on N. State Street.

4.5     On January 4, 2017, Plaintiff stopped to ask Defendant Sande to stop blocking the bike lane and putting bicyclists at risk.

4.6.    Plaintiff rapped on the window of the parking enforcement vehicle to get Defendant Sande's attention.  She looked up from the paperwork and Plaintiff made the roll-down your window motion so they could talk.  Defendant Sande shook her head "no" with a smile and made

**COMPLAINT - 3-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

the phone-to-head motion and mouthed "call". Defendant Sande's response surprised Plaintiff. Plaintiff threw his hands up in frustration and threaded his bike between the parking enforcement vehicle and a parked car and rode away.

4.7    Two days later on January 6, 2017, while bike commuting at the same location and at a similar time, Plaintiff was pulled over by Officer Danke. Within minutes, a second Bellingham SUV and a motorcycle officer arrived. Also on the scene was Defendant Sande in her parking enforcement vehicle. Plaintiff was arrested by Defendants Danke and Nelson.

4.8    Defendant Danke's SUV was parked to block the bike lane. Plaintiff mentioned to Defendant Danke the safety issues created by blocking he bike lane. Defendant Danke responded many concessions were already afforded bicycles and bikers are responsible for their own safety.

4.9    Plaintiff was arrested at approximately 1:15 p.m.

4.10    Defendant Danke proceeded to drive Plaintiff around Bellingham for approximately one hour before he was booked in Whatcom County Jail.

4.11    Defendant Danke knew that Plaintiff would not be able to appear before a judge until Sunday if he arrived at the jail after the 3:00 p.m. calendar on Friday.

4.12    Defendant Danke took all steps necessary to insure Plaintiff would be forced to spend two days in jail before appearing before a judge.

4.13    Plaintiff was released on $5,000.00 bail on Sunday, January 8, 2017.

4.14    The charges against Plaintiff were dismissed without prejudice on April 14, 2017.

4.15    Plaintiff was held in the Whatcom County jail from his January 6, 2017 arrest by Defendant's Danke, Nelson, Kingery and Yoder until he posted bail on January 8, 2017.

4.16    Plaintiff suffered harms and losses due to the unlawful arrest and incarceration in an amount to be proven at trial.

**COMPLAINT - 4-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

4.17    Plaintiff is entitled to penalty damages, in the discretion of the court, actual costs of suit and reasonable attorney's fees pursuant to 42 USC § 1983.

## V.  FIRST CAUSE OF ACTION

## PURSUANT TO 42 USC SECTION 1983

**Fourth Amendment Violation of Right to be Free from Unreasonable Seizure**

5.1    Plaintiff incorporates by reference the allegations contained in paragraphs 4.1 to 4.17 above.

5.2    By arresting Plaintiff, Defendants acted under color of law to deprive Plaintiff of his constitutionally protected rights, including, but not limited to, the right to be free from unreasonable searches and seizures and the right to be free from wrongful incarceration as guaranteed by the Fourth and Fourteenth Amendment to the United States Constitution.

5.3    Defendants were without warrant and did not have probable cause to arrest Plaintiff.

5.4    Defendants were not statutorily authorized to make a warrantless misdemeanor arrest pursuant to RCW 10.31.100.

5.5    Plaintiff was harmed by the seizure of his person in that Defendants caused him mental distress by placing him in handcuffs, embarrassing him in public, impounding his bicycle and personal items, implying that he had committed a crime, and incarcerating him for two days.

5.6    In addition, Plaintiff's pre-existing lower-back conditions were aggravated by the incarceration.  The steel cot without padding, stress of not knowing why being held or when incarceration would end put Plaintiff's back into spasms.

**COMPLAINT - 5-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

## VI. SECOND CAUSE OF ACTION

## FAILURE TO ADEQUATELY TRAIN OR SUPERVISE

6.1    Plaintiff incorporates by reference the allegations contained in paragraphs 5.1 to 5.6 above.

6.2    At all times material the City of Bellingham had a duty of care to properly hire, train, retrain, supervise and discipline its officers so as to avoid unreasonable risk of harm to citizens.

6.3    With deliberate indifference the City of Bellingham failed to take necessary, proper or adequate measures in order to prevent the violation of Plaintiff's rights and the injury to the Plaintiff.

6.4    The need to train officers on the constitutional limits for the seizure of persons is so obvious that failure to do so shows "deliberate indifference" to Plaintiff's constitutional rights.

6.5    The City of Bellingham breached its duty of care to Plaintiff by failing to adequately train or supervise its police officers, particularly Parking Enforcement Officer Heidi Sande and Officers Joshua Danke, Jeffrey Yoder, Kyle Nelson and Eric Kingery.

6.6    The City of Bellingham is liable pursuant to 42 USC § 1983 for failure to properly train and supervise its police officers, particularly Parking Enforcement Officer Heidi Sande and Officers Joshua Danke, Jeffrey Yoder, Kyle Nelson and Eric Kingery and any others disclosed with discovery.

6.7    The City of Bellingham is also liable pursuant to 42 USC § 1983 for failure to adequately train or supervise its police officers, particularly Parking Enforcement Officer Heidi Sande and Officers Joshua Danke, Jeffrey Yoder, Kyle Nelson and Eric Kingery, on how to comply with RCW 10.31.100, and determine when an arrest is authorized for a misdemeanor offense

**COMPLAINT - 6-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

committed outside of the officer's presence.  This lack of adequate training and supervision shows a deliberate indifference to the constitutional rights of Plaintiff.

6.8    The City of Bellingham breached its duty of care to Plaintiff by failing to adequately train or supervise its police officers, particularly Parking Enforcement Officer Heidi Sande and Officers Joshua Danke, Jeffrey Yoder, Kyle Nelson and Eric Kingery, on how to comply with RCW 10.31.100 and determine when an arrest is authorized for a misdemeanor offense committed outside of the officer's presence.  This lack of adequate training and supervision shows a deliberate indifference to the constitutional rights of Plaintiff.

6.9    The City of Bellingham's failure to properly train and supervise its police officers is the proximate and real cause of the harms and losses suffered by Plaintiff.

### VII. ACTION FOR NEGLIGENCE

7.1    Plaintiff incorporates by reference the allegations contained in paragraphs 6.1 to 6.9 above.

7.2    Plaintiff alleges Defendants breached a duty of care owed to the Plaintiff by negligently arresting and imprisoning him without a warrant, probable cause or statutory authority.

7.3    As a result of the negligent arrest and imprisonment the Plaintiff suffered harms and losses.

7.4    Defendants are liable for the harms and losses suffered by the Plaintiff due to his unlawful arrest on January 6, 2017 and subsequent charges and incarceration.

**COMPLAINT - 7-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

## VIII. AMENDMENT OF COMPLAINT

8.1   The Plaintiff hereby reserves the right to amend the parties and causes of action throughout this complaint to conform to the evidence.

**WHEREFORE, David Morales**, the above-named Plaintiff, prays that a judgment be entered against each of the above-named Defendants for the causes of action set forth above in an amount to be proven at trial, for penalty damages, actual costs of suit and reasonable attorney's fees pursuant to 42 USC § 1983 and for such other and further relief as the court deems just and equitable under the premises.

## IX.   JURY DEMAND

Plaintiff, by and through his attorneys and pursuant to Federal Rule of Civil Procedure 38, demands a trial by jury on all issues triable by jury.

**DATED** this 18th day of December, 2019.

           **LESTER & ASSOCIATES, P.S., INC.**

           /s/ Tom Lester_____
           **Tom Lester, WSBA #15814**
           Attorney for Plaintiff

**COMPLAINT - 8-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785

## **VERIFICATION**

**STATE OF WASHINGTON** )
) **ss.**
**COUNTY OF WHATCOM** )

I, **David Morales,** being first duly sworn, upon oath, deposes and says:

That I am the Plaintiff above named; that I have read the foregoing **Complaint for Damages**; know the contents thereof, and believe the same to be true.

/s/ David Morales
**David Morales**
Plaintiff

**SUBSCRIBED AND SWORN** to before me this 18th day of December, 2019.

/s/ Sherri Courtney
**NOTARY PUBLIC** in and for the
State of Washington.
My Commission expires: 4/18/20

**COMPLAINT - 9-**

Law Offices of
**LESTER & ASSOCIATES, P.S., INC.**
119 N. Commercial St., Ste. 175
Bellingham, Washington 98225
(360) 733-5774
FAX (360) 733-5785