HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DAVID ARTHUR MORALES,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>CITY OF BELLINGHAM, *et al.*,<br><br>　　　　　　　Defendants. | No. 2:19-cv-02078-RAJ<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Leave to File Supplemental Response to Defendants' Motion for Summary Judgment. Dkt. # 29. Defendants oppose this motion. Dkt. # 31. For the reasons below, the Court **DENIES** this motion.

## II.　BACKGROUND

On Friday, January 6, 2017, Plaintiff David Arthur Morales ("Plaintiff") was arrested by Bellingham police officers following his encounter two days earlier with Bellingham parking enforcement officer Heidi Sande. Dkt. # 1 ¶¶ 4.1-4.7. Plaintiff spent two days in jail before appearing before a judge and was released on bail on Sunday,

ORDER – 1

January 8, 2017. *Id.* ¶¶ 4.12-4.13. The charges against Plaintiff were dismissed without prejudice on April 14, 2017. *Id.* ¶ 4.14.

On December 23, 2019, Plaintiff filed this lawsuit against Defendants City of Bellingham, a municipal corporation; Bellingham parking enforcement officer Heidi Sande, her spouse, and marital community; and Bellingham police officers Joshua Danke, Jeffery Yoder, Eric Kingery, and Kyle Nelson, and their respective spouses and marital communities (collectively "Defendants"). *Id.* ¶¶ 3.1-3.7. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for his allegedly unlawful arrest and incarceration by the named police officers and for the City of Bellingham's failure to train and supervise its police officers. *Id.* ¶¶ 5.2-6.8. He also seeks recovery under state negligence law for harm suffered as a result of the allegedly negligent arrest and imprisonment. *Id.* ¶¶ 7.1-7.4.

On August 13, 2020, Defendants filed a motion for summary judgment with a noting date of September 25, 2020. Dkt. # 16. On September 17, 2020, Plaintiff moved the Court for leave to supplement his response to Defendants' motion for summary judgment, also with a noting date of September 25, 2020. Dkt. # 29. Defendants opposed Plaintiff's motion for leave to supplement his response after the deadline to file his response. Dkt. # 31. Plaintiff filed a response to the motion for summary judgment on September 21, 2020. Dkt. # 35.

### III.   DISCUSSION

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." If the nonmoving party shows that "for specified reasons, it cannot present facts essential to justify its opposition" the court may defer considering the motion, allow time to take discovery, or issue any other appropriate order. Fed. R. Civ. Pro. 56(d). To succeed in such a request, the nonmoving party must "identify the specific facts that further discovery would have revealed or explain why those facts would have precluded

ORDER – 2

summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

According to Local Rule 7(j), "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," unless the motion is based on a "true, unforeseen emergency." Local Rules W.D. Wash. LCR 7(j).

Here, Plaintiff filed the motion seeking leave to supplement his response to Defendants' motion for summary judgment a mere four days before the response was due. Plaintiff's failure to file the motion sufficiently in advance of the deadline is not based on an alleged emergency and is not supported by any exigent circumstances. The motion is therefore untimely.

Even if the Court were to consider Plaintiff's request, Plaintiff has failed to indicate that he is unable to present facts essential to justify his opposition as required by Rule 56(d). He claims that he cannot respond fully to the motion for summary judgment without obtaining Defendant Sande's deposition transcript and without deposing her supervisor, Sergeant Lanham. Dkt. # 30 at 2. He explains that, as Defendant Sande's supervisor in 2017, Sergeant Lanham "should be familiar with all the policies and procedures affecting the parking enforcement officers, aware of what if anything would make Defendant Sande's actions lawful and what additional problems Defendant Sande had with the public during his tenure." Dkt. # 38 at 2-3.

Plaintiff, however, fails to explain why the information contained therein is essential to his opposition. Plaintiff concedes that without Sergeant Lanham's deposition "it is difficult to know what he will provide." Dkt. # 38 at 2. Defendants argue that Sergeant Lanham was not involved in the investigation or arrest of Plaintiff—the issues addressed in the motion for summary judgment—and is therefore unable to provide facts necessary to Plaintiff's response. Dkt. # 31 at 2. The Court agrees. Plaintiff's speculation on the information Sergeant Lanham might provide is insufficient to meet the

ORDER – 3

requirement of Rule 56(d).  Based on this failure to identify facts that might preclude summary judgment, the Court **DENIES** his motion.

## IV.  CONCLUSION

Based on the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Supplement Response to Motion for Summary Judgment.  Dkt. # 29.

DATED this 6th day of November, 2020.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4